Greg R. McClintock (State Bar No. 43987)
gmcclintock@glaserweil.com
Noah P. Perch-Ahern (State Bar No. 262164)
nperchahern@glaserweil.com
**GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO, LLP**
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Phone: 310-556-7842 / Fax: 310-556-2920

David F. Wood (State Bar No. 68063)
dwood@wshblaw.com
Patrick S. Schoenburg (State Bar No. 162842)
pschoenburg@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
7112 North Fresno Street, Suite 160
Fresno, California 93720-2949
Phone: 559-437-2860 ♦ Fax 559-438-1350

Attorneys for Defendant CALIFORNIA WATER SERVICE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| VIOLA COPPOLA, GARY COPPOLA, and THE TRUST OF ANTHONY M. COPPOLA, <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY SMITH, an individual, RICHARD LASTER, an individual; and THE JANE HIGGINS NASH TRUST; JANE NASH AS EXECUTOR OF THE ESTATE OF DECATUR HIGGINS A/K/A THE ESTATE OF MABEL ELAINE HIGGINS, HARLEY MILLER, an individual, CHERYL MILLER, an individual, MARTIN AND MARTIN PROPERTIES, BENART MAIN STREET PROPERTIES, CAL WATER SERVICE COMPANY, THE CITY OF VISALIA and DOES 1-20, inclusive, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS | Case No. 1:11-CV-01257-AWI-BAM <br><br> **AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL RULE 141)** <br><br> The Hon. Anthony W. Ishii, Ctrm. 2 <br><br> Trial Date:    None Set |

LEGAL:10216-0001/4002713.1

-1-

AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL RULE 141)

1  In order to protect confidential information obtained by the parties in connection with this
2  case, the parties, by and through their respective undersigned counsel and subject to the approval
3  of the Court, hereby agree as follows:
4      1.   Any party or non-party may designate as "Confidential Information" (by stamping
5  the relevant page or as otherwise set forth herein) any document or response to discovery which
6  that party or non-party considers in good faith to contain information involving trade secrets, or
7  confidential business or financial information, including personal financial information about any
8  party to this lawsuit or employee of any party to this lawsuit; information regarding any
9  individual's banking relationship with any banking institution, including information regarding the
10 individual's financial transactions or financial accounts, and any information regarding any party
11 not otherwise available to the public, subject to protection under F.R.C.P. Rule 5.2 and/or Rule 26
12 or under other provisions of Federal and/or California law.  Any party, federal, state or local
13 regulatory agencies also may designate as "Confidential Information" (by stamping the relevant
14 page or as otherwise set forth herein) any document or response to discovery which Plaintiff or
15 that agency considers in good faith comprise: (a) protected critical infrastructure information as
16 described and defined in Presidential Decision Directive 63, Critical Infrastructure Protection
17 (May 22, 1998) and the Critical Infrastructure Information Act of 2002, 6 U.S.C. §§ 131-134; (b)
18 vulnerability assessments as described and defined in section 1433 of the Safe Drinking Water
19 Act, 42 U.S.C. § 300 *et seq.* (as amended by section 401 of the Public Health Security and
20 Bioterrorism Preparedness and Response Act (Pub.L. 107-188), June 12, 2002); or (c) sensitive
21 information as described and defined in section 2.6 of the American Water Works Association's
22 Security Guidance for Water Utilities Overview developed pursuant to the United States
23 Environmental Protection Agency's Water Infrastructure Security Enhancements program and
24 available online at http://www.awwa.oreawwaiscience/wise/report/AWWA_Securities/page2.htm.
25 Where a document or response consists of more than one page, the first page and each page on
26 which confidential information appears shall be so designated.
27 / / /
28 / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350

1.1. "Confidential Information" protected by this Order shall not include information which is either: (a) lawfully received by a party from a source other than through discovery in this action from the party asserting the claim of confidentiality, or (b) public knowledge or information, or information which becomes public after disclosure. The existence of this Order and its terms do not modify any existing public disclosure obligation of a party or a federal, state or local government agency under the federal Freedom of Information Act, the California Public Records Act, and/or other federal, state or local law requiring disclosure.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of the portions of the deposition that are confidential. In addition, a party or non-party may designate in writing, within fourteen (14) calendar days after receipt of said responses or of those portions of the deposition transcript for which the designation is proposed (or if the transcript or responses are received within 30 calendar days of the date set for the beginning of trial, within half of the number of days remaining before the date set for the beginning of trial), that specific pages of the transcript and/or specific responses be treated as "Confidential Information." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. A party that makes original documents or materials available for inspection need not designate them as Confidential Information until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Confidential Information.

///

3. All Confidential Information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.  Confidential Information shall not be used for any commercial competitive, personal, or other purpose.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b) employees of such counsel, including copy services;

    (c) individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit A (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses a consultant or expert employed by an opposing party, the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

    (e) any authors or recipients of the Confidential Information;

    (f) the Court, court personnel, and court reporters, including discovery masters or referees appointed by the Court and associated personnel;

    (g) witnesses (other than persons described in Paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to Paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies.

    (h) private mediators retained in furtherance of settlement or dismissal; and

    (i) any person designated by the Court in the interest of justice, upon such term as the Court may deem proper.

  5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.  If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed.  If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed.  No party shall have an affirmative obligation to inform itself regarding such possible

1. use or possession.

2.     6.    In connection with discovery proceedings as to which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with an appropriate "Request to Seal Documents" pursuant to Local Rule 141(b).

    7.    A party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or nonparty as Confidential Information. If a party produces materials designated Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

    8.    If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice of its objection to all parties. The objecting and the designating parties shall promptly confer in an attempt to resolve their differences. If the designating and objecting parties are unable to resolve their differences, the party or non-party who designated the material shall have twenty (20) calendar days from the receipt of the written objection to file with the court a motion for protective order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection. In the case of designations received within forty (40) calendar days of the date set for the beginning of trial, the objecting party shall have half of the remaining time before trial in which to raise an objection to the designation. If an objection is received within twenty (20) calendar days of the date set for the beginning of trial, the designating party must file its motion for protective order on an ex parte basis with a request for an order shortening time on the hearing in order to attempt to have the matter heard before the beginning of trial. If the matter has not been heard before trial, the issue may be heard by the trial judge in pretrial proceedings.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350

9.      Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a)     the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

    (b)     the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    (c)     the Court rules the material is not Confidential Information.

10.     All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action; unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

12.     This Stipulation and Order may be executed by facsimile signature and in counterparts and each executed counterpart may be combined to create one original document.

/ / /

13. The parties shall seek appropriate orders for the handling of "Confidential Information" at trial pursuant to Local Rule 141.1(b)(2).

**IT IS SO STIPULATED**.

DATED:  January 23, 2015              WOOD, SMITH, HENNING & BERMAN LLP


By:   */s/ Patrick S. Schoenburg*
         DAVID F. WOOD
         PATRICK S. SCHOENBURG
Attorneys for Defendant CALIFORNIA WATER SERVICE COMPANY

DATED:  January 23, 2015              GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO, LLP


By:   */s/ Greg R. McClintock*
         GREG R. MCCLINTOCK
         NOAH P. PERCH-AHERN
Attorneys for Defendant CALIFORNIA WATER SERVICE COMPANY

DATED:  January 23, 2015              GREBEN & ASSOCIATES


By:   */s/ Jan A. Greben*
         JAN A. GREBEN
         BRETT A. BOON
Attorneys for Plaintiffs VIOLA M. COPPOLA IRREVOCABLE TRUST, GARY COPPOLA and THE TRUST OF ANTHONY M. COPPOLA

DATED:  January 23, 2015              GUALCO LAW


By:   */s/ Lori J. Gualco*
         LORI J. GUALCO
Attorneys for Defendant RICHARD LASTER

LEGAL:10216-0001/4002713.1            -8-
AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL RULE 141)

DATED: January 23, 2015                WILLIAMS, JORDAN & BRODERSEN LLP

By: */s/ Steven R. Williams*
    STEVEN R. WILLIAMS
Attorneys for Defendant and Cross-Complainant, NASH PROPERITES, LLC; Cross-Defendants DAVID H. NASH and RICHARD P. NASH as the successor co-trustees of the WILLIAM P. NASH and JANE H. NASH RECOVABLE TRUST

DATED: January 23, 2015                ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

By: */s/ Emily L. Murray*
    EMILY L. MURRAY
    TIM C. HSU
Attorneys for Defendant MARTIN AND MARTIN PROPERTIES, LLC

DATED: January 23, 2015                HERR, PEDERSEN & BERGLUND LLP

By: */s/ Leonard C. Herr*
    LEONARD C. HERR
Attorneys for Defendant CITY OF VISALIA

**ORDER**

Upon a review of the agreement of the parties, the Court adopts the stipulated protective order.

DATED: <u>January 26, 2015</u>

    **/s/ Barbara A McAuliffe**
    THE HON. BARBARA A. McAULIFFE
    UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Amended Stipulation and Protective Order Regarding Confidential Information filed on _____, 20___, in the United States District Court, Eastern District of California, Fresno Division, in the matter of *Coppola v. Smith, et al.,* Case No. 1:11-CV-01257-AWI-BAM ("Order").  I have been given a copy of that Order and read it.

I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court, Eastern District of California, Fresno Division for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ____ day of _____, 20___, at _____.

By:   _____

Address:   _____

_____

Phone:   _____

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350