UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLA M. COPPOLA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY SMITH, *et al.,*<br><br>Defendants. | Case No. 11-cv-1257 AWI BAM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO FILE A SIXTH AMENDED COMPLAINT IN PART**<br><br>**(Doc. 249)** |

**INTRODUCTION**

On January 9, 2015, Plaintiffs Gary Coppola, the Trust of Anthony M. Coppola and the Viola M. Coppola Irrevocable Trust (collectively "Coppola"), as an individual and on behalf of all others similarly situated ("Plaintiffs"), filed a Motion for Leave to File a Sixth Amended Complaint. Defendants Martin and Martin Properties, LLC ("Martin LLC") filed an Opposition on January 30, 2015. (Doc. 254). No other party filed an opposition. Plaintiffs filed a Partial Withdrawal of the Motion and a Reply on February 6, 2015. (Doc. 257). The Court took the matter under submission without oral argument pursuant to Local Rule 230 (g), and vacated the hearing set for February 13, 2015. Upon a review of the pleadings, Plaintiffs' motion is

1

GRANTED IN PART.

## BACKGROUND

This is an environmental law case arising from the chemical contamination of property surrounding a dry cleaning business in Visalia, California. More specifically, Coppola has owned and operated a dry cleaning facility located at 717 W. Main St., Visalia, California ("717 W. Main") since 1987. Coppola has used tetrachloroethylene ("PCE") in their dry cleaning business since at least 1994. The California Department of Toxic Substances Control ("DTSC") and the United States Environmental Protection Agency ("EPA") investigated the business and concluded that there was a "release" or a "threatened release" of PCE from 717 W. Main into the soil and groundwater. In June 2011, DTSC issued an order requiring Coppola to investigate and remediate the contamination caused by their dry cleaning business.

Pursuant to this order, Coppola has been investigating the extent of the contamination and filed the instant lawsuit on November 15, 2010, in the Tulare County Superior Court naming various parties, including nearby property owners and operators. The case was removed to this Court on July 28, 2011. (Doc. 1). There have been numerous complaints filed. Currently, the operative complaint is the Fifth Amended Complaint that names several property owners, the City of Visalia, California Water Service, and Martin and Martin LLC as Defendants and alleges violations of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Defendants have filed numerous counterclaims and cross-claims.

In this motion, Plaintiffs initially sought to file a Sixth Amended Complaint to add various claims against William Martin, Linda Martin, and Martin Enterprises, Inc. (collectively, "the Martin parties") and the Visalia Unified School District ("V.U.S.D."). Now, Plaintiffs have withdrawn that portion of the motion seeking to name the Martin parties based on a recent ruling made by U.S. District Court Judge Anthony W. Ishii on January 15, 2015. (Docs. 250 and 257, at

pg. 3). However, they still seek to add V.U.S.D as a party because they allege the school district contributed to the contamination at issue, most notably by operating ground water supply wells which has exacerbated the contamination plume. Specifically, Plaintiffs contend V.U.S.D. transported contaminants through these wells which has increased and will continue to increase Coppola's response cost.

## DISCUSSION

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed.R.Civ.P. 15(a)(2). Here, Defendants filed a responsive pleading to Plaintiffs' Fifth Amended Complaint and have not agreed to the amendment so leave of the court is required.

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d at 1052 ("As this circuit and others have held, it is the

consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). Additionally, "leave to amend will not be granted where an amendment would be futile." *Theme Promotions, Inc. v. News Am*. Mktg. FSI, 546 F. 3d 991, 1010 (9th Cir. 2008).

The Court has examined all of the factors listed above. There is no evidence that the filing of the Sixth Amended Complaint will be futile, that it will cause undue delay, that it was brought in bad faith, or that there will be prejudice to the Defendants. Moreover, no opposition has been filed, except as the Martin parties and that portion of Plaintiff's motion has been withdrawn. Given that leave to amend is to be applied with extreme liberality, an amendment is proper.

## CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED:

1) Plaintiff's Motion to Amend the Complaint is GRANTED IN PART. Plaintiffs are permitted to amend the operative pleading naming V.U.S.D. as a Defendant;

2) Plaintiff shall file the Sixth Amended Complaint within five days of this order and serve the V.U.S.D no later than **February 20, 2015**;

3) Once the Sixth Amended Complaint is filed, the Clerk of the Court is directed to add the new parties named in the amended pleading to the docket;

4) Defendants' Answers are due 21 days after the filing of the Sixth Amended Complaint; or the parties may file stipulations that their answers to the Fifth Amended Complaint are applicable to the Sixth Amended Complaint; and

///

///

///

**5)** The Court will hold a status conference in this case on **Wednesday, April 29, 2015 at 9:00 a.m.** At that conference, the parties should be prepared to discuss whether the case should be set for Scheduling Conference.

IT IS SO ORDERED.

Dated: **February 11, 2015**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE