UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLA COPPOLA, et al.,<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>GREGORY SMITH, et al.,<br><br>　　　　Defendants<br>―――――――――――――――――<br>AND RELATED CLAIMS | CASE NO. 1:11-CV-1257  AWI BAM<br><br>**ORDER ON PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANT CAL WATER'S ANSWER**<br><br>(Doc. No. 281) |

　　This is an environmental law case that arises from the chemical contamination of property surrounding a dry cleaning business in Visalia, California. Plaintiffs (collectively "Coppola") have brought suit against *inter alia* California Water Service Co. ("Cal Water"), and Cal Water has filed affirmative defenses and counterclaims. Plaintiff's operative complaint is the Sixth Amended Complaint ("SAC"). Coppola has filed a motion to strike three portions of Cal Water's answer. For the reasons that follow, Coppola's motion will be granted.

## BACKGROUND

　　On December 3, 2013, Coppola filed a Fifth Amended Complaint ("FAC"). See Doc. No. 157. Following an order on a Rule 12(b)(6) motion to dismiss, Cal Water filed an answer on May 27, 2014. See Doc. No. 216. Cal Water's answer included sixteen affirmative defenses. See id.

The answer included a counterclaim that contained six causes of action, including a claim under 42 U.S.C. § 9607. See id. The counterclaim prayed for seven forms of relief. See id.

On February 11, 2015, the Magistrate Judge granted in part Coppola's motion to file an amended complaint. See Doc. No. 260. On February 13, 2015, Coppola filed the SAC. See Doc. No. 262. The SAC was filed mainly to add the Visalia Unified School District as defendant, see Doc. No. 260, and there were no new claims or material allegations made by Coppola against Cal Water in the SAC. See Doc. No. 262.

On March 6, 2015, Cal Water filed an answer to the SAC. See Doc. No. 269. Cal Water's answer contains twenty-two affirmative defenses. See id. The answer also contained a counterclaim, which alleged five causes of action but did not include a 42 U.S.C. § 9607 claim. See id. The counterclaim prayed for eight forms of relief. See id.

On March 24, 2015, Coppola filed a motion to strike that relates to three aspects of Cal Water's answer: (1) the seventeenth through twenty-second affirmative defenses; (2) Paragraphs 37(d) and 37(e) of the counterclaim's prayer for relief; and (3) the absence of a claim under 42 U.S.C. § 9607. See Doc. No. 281.

## PLAINTIFF'S MOTION

### I. New Affirmative Defenses & New Prayers For Relief

*Plaintiff's Argument*

Coppola argues that when amendments do not impact the claims, allegations, or prayers alleged against a particular defendant, that defendant has no right to assert new affirmative defenses or prayers for relief without leave of court. Here, the SAC's allegations against Cal Water are not materially different than the FAC's allegations. There is no basis for Cal Water to assert new affirmative defenses and prayers for relief. Because Cal Water bypassed the requirement that leave of Court be granted, the new affirmative defenses and prayers for relief should be stricken. Also, the new affirmative defenses and prayers for relief are not sufficiently pled. They are conclusory and not supported by factual assertions and thus, do not meet the pleading standards of *Iqbal* and *Twombly*.

*Defendant's Opposition*

Cal Water argues that leave of Court was not required to file its answer to the SAC, which included the new affirmative defenses and prayers for relief. Generally, when a new complaint is filed, a new round of pleadings is appropriate. This includes a new answer that can raise new matters. The answer to the SAC was properly filed in response to the SAC. However, should the Court disagree, leave of Court is requested to file an amended answer.

Also, with respect to the prayers for relief, the prayer is more or less irrelevant at this stage. Under Rule 54(c), a court may grant any relief to which a party shows itself to be entitled, even if the party did not demand that relief in the pleadings. Further, there is a split of authority regarding the applicability of *Iqbal* and *Twombly* to affirmative defenses. If the Court agrees with Coppola that *Iqbal* and *Twombly* apply, then leave to amend is requested.

*Discussion*

1.   Affirmative Defenses

There is a split among the courts about the propriety of adding new affirmative defenses to an amended answer. Generally, courts adopt either the "permissive approach" or the "moderate approach." Under the permissive approach, a defendant may amend its answer as a matter of right in response to an amended complaint, irrespective of and without being limited by the scope of the changes made in the amended complaint. See Virginia Innovation Scis. Inc. v. Samsung Elecs. Co., 11 F.Supp.3d 622, 631-32 (E.D. Va. 2014); Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC, 2011 U.S. Dist. LEXIS 63925, *11 (D. Minn. Mar. 21, 2011). "The philosophy underlying this approach appears to be that plaintiffs amend their complaint at their peril, opening themselves up to any and all counterclaims the defendants choose to assert." S. New England Tel. Co. v. Global NAPS, Inc., 2007 U.S. Dist. LEXIS 10421, *6 (D. Conn. Feb. 14, 2007). Under the "moderate approach," a defendant may file an amended answer without leave of court "only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." Virginia Innovations, 11 F.Supp.3d at 632; Panoceanis Mar., Inc. v. M/V Eula B. Devall, 2013 U.S. Dist. LEXIS 8971, *7 (E.D. La. Jan. 23, 2013). Where the amendments to the

complaint change a theory or the scope of the case, "the defendant is allowed to plead anew as though it were the original complaint filed by the Plaintiff. . . . The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a [defendant] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim." Woods v. Nationbuilders Ins. Servs., 2014 U.S. Dist. LEXIS 38414, *4 (D. Colo. Mar. 24, 2014); Tralon Corp. v. Cedarapids, Inc., 966 F.Supp. 812, 832 (N.D. Iowa 1997); see also Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). Part of the rationale behind the "moderate approach" is "if every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation." Virginia Innovations, 11 F.Supp.3d at 632; EEOC v. Morgan Stanley & Co., Inc., 211 F.R.D. 225, 227 (S.D. N.Y. 2002).

To the Court's knowledge, the Ninth Circuit has not addressed the issue. The district courts within the Ninth Circuit have generally followed the moderate approach. See Adobe Sys. v. Coffee Cup Partners, Inc., 2012 U.S. Dist. LEXIS 127602, *17 (N.D. Cal. Sept. 6, 2012); Vista Eng. Techs., LLC v. Premier Tech., Inc., 2010 U.S. Dist. LEXIS 51944, *4-*5 (D. Idaho may 24, 2010); In re Katz Interactive Call Processing Patent Litig., 2009 U.S. Dist. LEXIS 132106, *130 (C.D. Cal. Nov. 19, 2009); St. Paul Fire & Marine Ins. Co. v. Onvia, Inc., 2007 U.S. Dist. LEXIS 39085, *3-5 (W.D. Wash. May 29, 2007). The "moderate approach" is the majority approach, see Panoceanis Mar., 2013 U.S. Dist. LEXIS 8971 at *9, and has been discussed with approval by a leading commentator. See 3 James W. Moore, et al., Moore's Federal Practice § 15.17[6].

The Court is persuaded by the analysis of cases like *Virginia Innovations*. As the Northern District has observed, "the permissive approach would allow the pleadings to be re-opened repeatedly and without limitation, even in response to the most mundane of amendments of complaints." Adobe Sys., 2012 U.S. Dist. LEXIS 127602 at *17. Therefore, the Court will adopt the moderate approach. See Virginia innovations, 11 F.Supp.3d at 632; Woods, 2014 U.S. Dist. LEXIS 38414 at *4; Panoceanis Mar., 2013 U.S. Dist. LEXIS 8971 at *9; Adobe Sys., 2012 U.S. Dist. LEXIS 127602 at *17; Vista Eng., 2010 U.S. Dist. LEXIS 51944 at *4-*5; Morgan Stanley,

211 F.R.D. at 227; Tralon, 966 F.Supp. at 832; see also Krinsk, 654 F.3d at 1202.

Applying the "moderate approach" to Cal Water's newly pled affirmative defenses, Coppola contends that the SAC does not materially or substantially affect Cal Water in any way when compared to the FAC. Cal Water does not discuss the substance of the SAC, and does nothing to counter or dispel Coppola's assertions. Cal Water has not demonstrated that the SAC has changed the theories or otherwise expanded the scope of the claims alleged against it. Therefore, Cal Water's seventeenth through twenty-second affirmative defenses were filed without leave of Court and are unauthorized. See Woods, 2014 U.S. Dist. LEXIS 38414 at *5; Adobe Sys., 2012 U.S. Dist. LEXIS 127602 at *18, *22; Morgan Stanley, 211 F.R.D. at 227-28. The Court will strike these affirmative defenses. See id.[1]

   2.   Prayer For Relief
        a.   Adding New Damages

Pleadings that state a claim for relief are required to contain a demand for the types of relief sought. See Fed. R. Civ. P. 8(a)(3). However, Federal Rule of Civil Procedure 54(c) provides that "judgment should grant the relief to which each a party is entitled, even if the party has not demanded such relief in his pleadings." Fed. R. Civ. P. 54(c). Therefore, a court may award relief not prayed for in a complaint. See Idaho Potato Comm'n v. G&T Terminal Packaging, Inc., 425 F.3d 708, 720 (9th Cir. 2005); Pension Ben. Guar. Corp. v. East Dayton Tool and Die Co., 14 F.3d 1122, 1127 (6th Cir. 1994); Sias v. City Demonstration Agency, 588 F.2d 692, 696 (9th Cir. 1978).

Cal Water's counterclaim prays for *inter alia* lost profits and revenues, including water replacement costs, see Doc. No. 269 at ¶ 37(d), and restitution and benefits conferred upon Coppola, including unjust enrichment, see id. at ¶ 37(e). Whether Cal Water expressly prays, or fails to expressly pray, for lost profits/revenues and restitution does not prevent Cal Water from obtaining such relief. If the proper evidentiary showing is made at the trial level, and as long as such relief is available through one of Cal Water's pled causes of action, Cal Water could obtain this relief even if the SAC and the answer thereto had never been filed. See Fed. R. Civ. P. 54(c);

---

[1] Given this resolution, the Court need not resolve the issue of whether *Iqbal* applies to pleading affirmative defenses.

Sias, 588 F.2d at 696. Further, courts have found that adding new types of damages to a prayer does not change the scope or nature of a complaint. See Woods, 2014 U.S. Dist. LEXIS 38414 at *4-*5 (adding request for punitive damages); Vista Eng., 2010 U.S. Dist. LEXIS 51944 at *5 (same). Given these considerations, the Court will not strike Paragraphs 37(d) and 37(e) based on a failure to obtain leave of court.

          b.    Sufficiency of Pleading

Because Coppola is not contending that the new damages in the prayer are redundant, immaterial, impertinent, or scandalous, but is instead arguing that there is insufficient factual support, the proper procedural mechanism at this stage is a Rule 12(b)(6) motion, not a Rule 12(f) motion. See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973-75 (9th Cir. 2010); Coppola v. Smith, 982 F.Supp.2d 1133, 1144 n.4 (E.D. Cal. 2013). The Court will view Coppola's motion as a Rule 12(b)(6) motion to dismiss. See Coppola, 982 F.Supp.2d at 1144 n.4.

Counterclaims may be the subject of a Rule 12(b)(6) motion. Sacramento Valley, Ch. of Nat'l Elec. Contractors Ass'n v. International Brhd. of Elec. Workers, Local 340, 888 F.2d 604 (9th Cir. 1989). Under Rule 12(b)(6), a court may dismiss damages that are precluded as a matter of law. See Whittlestone, 618 F.3d at 975. A court may also dismiss particular damages if the allegations do not plausibly show a sufficient factual predicate for the particular type of damage claimed. See Coppola, 982 F.Supp.2d at 1144-45 (punitive damages); Jasper & Black, LLC v. Carolina Pad Co., LLC, 2012 U.S. Dist. LEXIS 16435, *27 n.8 (S.D. N.Y. Feb. 9, 2012) (lost profits); IBM v. Dale, 2011 U.S. Dist. LEXIS 102187, *4-*8 (S.D. N.Y. Sept. 9, 2011) (tort and contract damages); Thomas v. Rijos, 780 F. Supp. 2d 376, 380 (D.V.I. 2011) (punitive damages).

Initially, the Court notes that Cal Water alleges as part of its counterclaim that it is the current owner of Well CWS 02-03. See Counterclaim (Doc. No. 269) at ¶ 4. This is contrary to prior representations by Cal Water and to judicially noticed documents that were submitted by Cal Water. See Doc. No. 78 at 5:19-23; Doc. No. 79 at Exs. 1-5; see also Coppola v. Smith, 935 F.Supp.2d 993, 1023 n.14 (E.D. Cal. 2013). The judicially noticed documents indicate that Cal Water sold Well CWS 02-03 in January 2006. See Coppola, 935 F.Supp.2d at 1023 n.14; Doc. No. 79 at Ex. 1. Given the judicially noticed documents and Cal Water's prior express

representations, in evaluating the sufficiency of the allegations to support the damages claimed, the Court will not accept as true that Cal Water is the current owner of Well CWS 02-03. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Interstate Natural Gas Co. v. Southern Cal. Gas Co., 209 F.2d 380, 384 (9th Cir. 1953); Doc Magic, Inc. v. Ellie Mae, Inc., 745 F.Supp.2d 1119, 1133 (N.D. Cal. 2010).

In many cases, the facts alleged will readily indicate that a plaintiff may be entitled to various damages. For example, various types of economic and non-economic damages could easily be expected to result from claims involving physical injuries; little factual elaboration would be necessary. In this case, however, the damages claimed are not necessarily apparent given the factual allegations made in the Counterclaim and the facts that are subject to judicial notice.

With respect to Paragraph 37(d), Cal Water prays for lost revenue and profits. There are no allegations that Cal Water lost any revenue or profits prior to January 2006, or that such profits or revenues were lost as a result of Coppola's conduct. If, for example, Cal Water alleged that prior to the January 2006 sale of Well CWS 02-03, it was forced to stop utilizing the Well because of PCE contamination from Coppola, then a basis for requesting lost revenue would be apparent. Such allegations would prevent dismissing the request for lost revenue.[2] However, there are no such allegations in the counterclaim. In the absence of allegations that reasonably suggest Cal Water lost profits or revenues because of Coppola's conduct, the counterclaim does not plausibly indicate that Cal Water may be entitled to recover such damages. Dismissal is appropriate. See Coppola, 982 F.Supp.2d at 1144-45; Jasper & Black, 2012 U.S. Dist. LEXIS 16435 at *27 n.8; IBM, 2011 U.S. Dist. LEXIS 102187 at *4-*5; Thomas, 780 F. Supp. 2d at 380.

With respect to Paragraph 37(e), which prays for benefits conferred and unjust enrichment, the problem is the same. Unjust enrichment is "not a cause of action [] or even a remedy, but rather a general principle, underlying various legal doctrines and remedies. It is synonymous with restitution." Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 1370 (2010); McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004). "Under the law of restitution, an individual is

---

[2] The Court notes that Cal Water need not include calculations or state a precise figure for lost revenue within the counterclaim. Computations for each category of damages claimed must be produced as part of initial disclosures, and must be supplemented if necessary. See Fed. Rs. Civ. P. 26(a)(1)(A)(iii), (e)(1)(A).

1  required to make restitution if he or she is unjustly enriched at the expense of another." Durell,
2  183 Cal.App.4th at 1370; McBride, 123 Cal.App.4th at 389.  Here, this case is about PCE that has
3  migrated to various properties, it is not about a business or contractual type of relationship
4  between Cal Water and Coppola.  Cal Water complains that Coppola is responsible for PCE
5  contamination, but there are no allegations that indicate Cal Water was conferring any type of
6  benefit upon Coppola that would be relevant for purposes of this lawsuit.  No benefit is described,
7  nor is there anything that suggests unjust retention of a benefit by Coppola.  See Durell, 183
8  Cal.App.4th at 1370.  Because the allegations do not plausibly indicate that Cal Water may be
9  entitled to restitution type damages, cf. id., dismissal is appropriate.  See Coppola, 982 F.Supp.2d
10 at 1144-45; Jasper & Black, 2012 U.S. Dist. LEXIS 16435 at *27 n.8; IBM, 2011 U.S. Dist.
11 LEXIS 102187 at *4-*5; Thomas, 780 F. Supp. 2d at 380.

## II.    42 U.S.C. § 9607 Claim

*Plaintiff's Argument*

Coppola argues that when a party drops a claim or counterclaim from an amended pleading, the party effectively waives the cause of action.  In its answer to the FAC, Cal Water asserted a § 9607 claim.  Interrogatories were then propounded relating to a § 9607 cause of action.  A discovery dispute developed regarding these interrogatories, and Cal Water offered to withdraw its § 9607 claim.  Coppola requested that Cal Water's § 9607 claim be withdrawn with prejudice.  However, after the SAC was filed, Cal Water terminated all meet and confer efforts regarding the § 9607 claim and instead filed an answer to the SAC without a § 9607 claim.  This is an attempt to withdraw the § 9607 claim without prejudice.  Based on the discovery history and meet and confer efforts, an order should issue that dismisses the § 9607 claim with prejudice.

*Defendant's Opposition*

Cal Water argues Coppola cites no authority that permits a dismissal with prejudice of an omitted claim.  Coppola relies on the general rule for situations in which a complaint is dismissed and a claim is omitted from the amended complaint.  That is not the case here.  There was no order dismissing the § 9607 counterclaim.

*Discussion*

The Court agrees with Cal Water.

As it stands, Cal Water's counterclaim contains no § 9607 cause of action. See Doc. No. 269. Thus, Cal Water is not asserting a § 9607 claim against Coppola. No Court order dismissed Cal Water's § 9607 counterclaim, rather Cal Water voluntarily omitted a § 9607 cause of action from its amended answer/counterclaim. Such voluntary omissions have the effect of dismissing a claim without prejudice. See Deeley v. Genesis Healthcare Corp., 2011 U.S. Dist. LEXIS 32123, *5 n.3 (E.D. Pa. Mar. 25, 2011); Haddock v. Nationwide Fin. Servs. Inc., 514 F. Supp. 2d 267, 272-73 (D. Conn. 2007).

Coppola cites no authority that would permit the Court to dismiss Cal Water's voluntarily omitted § 9607 claim with prejudice. In fact, the rule appears to be that a party may seek leave to amend a complaint to reassert a prior voluntarily omitted claim. See Pack v. McCausland, 300 Fed. Appx. 541, 543 & n.2 (9th Cir. 2008); Southwest Forest Indus., Inc. v. Westinghouse Elec. Corp., 422 F.2d 1013, 1015 (9th Cir. 1970); Sutton v. Derosia, 2012 U.S. Dist. LEXIS 147434, *69 n.20 (E.D. Cal. Oct. 12, 2012); Burkes v. County of Monterey, 2012 U.S. Dist. LEXIS 13479, *3-*4 (N.D. Cal. Feb. 3, 2012). Dismissing the former § 9607 claim with prejudice is contrary to this rule. Coppola's request to retroactively dismiss Cal Water's prior § 9607 claim with prejudice will be denied.[3]

### III.  Leave To Amend

Cal Water requests that if the Court strikes or dismisses parts of the answer and counterclaim then leave to amend should also be granted. Coppola argues that Cal Water has not made a the requisite showing that amendment is justified.

Leave to amend is often granted in connection with Rule 12(b)(6) and Rule 12(f) motions. See Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012) (Rule 12(b)(6)); Wyshak v. City Nat.

---

[3] Coppola describes negotiations regarding Cal Water's former § 9607 claim. Coppola's representations (as well as this part of Coppola's motion) leave no doubt that Coppola wanted the § 9607 claim dismissed with prejudice. However, no agreement on that issue appears to have been reached. That the negotiations were ultimately unsuccessful is not a basis for the Court to order the former § 9607 claim dismissed with prejudice.

Bank, 607 F.2d 824, 826 (9th Cir. 1979) (Rule 12(f)). Considering the age and posture of this case, and the relatively small amount of briefing that the parties submitted on the issue, the Court will not grant Cal Water leave to amend at this time. Instead, the parties will be ordered to meet and confer on the issue. If the parties cannot resolve the issue, then Cal Water may file a motion to amend its answer and counterclaim. The motion shall be directed to the Magistrate Judge. As part of the motion to amend, Cal Water shall include a description of the unsuccessful meet and confer efforts. The Court expects the parties to use their best efforts to move this case forward with minimal judicial intervention.[4]

## **CONCLUSION**

Coppola moves to strike various aspects of Cal Water's answer and counterclaim. With respect to six of Cal Water's affirmative defenses (numbers seventeen through twenty-two), those affirmative defenses were filed even though the SAC did not make material changes in the scope of the claims asserted against Cal Water. The nature of the SAC prevented Cal Water from amending its answer as a matter of right to assert six new affirmative defenses. Therefore, the defenses will be stricken.

With respect to Paragraphs 37(d) and 37(e) of the counterclaim, the Court will treat Coppola's Rule 12(f) motion as a Rule 12(b)(6) motion. So viewing the motion, the counterclaim does not plausibly show a sufficient factual predict for the damages requested. Therefore, these paragraphs will be dismissed.

With respect to the Cal Water's former § 9607 cause of action, that claim is no longer being asserted by Cal Water, and no authority has been cited that would permit the Court to dismiss this former claim with prejudice. Retroactive dismissal with prejudice will be denied.

Finally, the Court will permit Cal Water to file a motion to amend with the Magistrate Judge, if meet and confer efforts to resolve the matter are unsuccessful.

---

[4] Although some courts disagrees, e.g. Rockwell Automation, Inc. v. Beckhoff Automation, LLC, 23 F.Supp.3d 1236, 1241-42 (D. Nev. 2014), courts in the Eastern District of California generally apply *Iqbal* to affirmative defenses. E.g. Johnson v. Golden Empire Transit Dist., 2015 U.S. Dist. LEXIS 45515, 6-7 (E.D. Cal. Apr. 7, 2015); Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595, 602-03 (E.D. Cal. 2013). Cal Walter should be cognizant of cases such as *Johnson* and *Dodson* if Cal Water eventually files an amended answer.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Coppola's motion to strike Cal Water's Seventeenth through Twenty-Second affirmative defenses is GRANTED and those affirmative defenses are STRICKEN;
2. Coppola's motion to dismiss Paragraph 37(d) and Paragraph 37(e) of Cal Water's counterclaim is GRANTED;
3. Coppola's motion to strike is otherwise DENIED; and
4. If the parties are unable to come to a stipulated resolution after meeting and conferring, then Cal Water may file with the Magistrate Judge a motion to amend its answer and counterclaim.

IT IS SO ORDERED.

Dated: May 5, 2015

SENIOR DISTRICT JUDGE