1  Greg R. McClintock (State Bar No. 43987)
   gmcclintock@glaserweil.com
2  Noah P. Perch-Ahern (State Bar No. 262164)
   nperchahern@glaserweil.com
3  **GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO, LLP**
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Phone: 310-556-7842 / Fax: 310-556-2920
5
   David F. Wood (State Bar No. 68063)
6  dwood@wshblaw.com
   Patrick S. Schoenburg (State Bar No. 162842)
7  pschoenburg@wshblaw.com
   **WOOD, SMITH, HENNING & BERMAN LLP**
8  7112 North Fresno Street, Suite 160
   Fresno, California 93720-2949
9  Phone: 559-437-2860 ♦ Fax 559-438-1350

10 Attorneys for Defendant CALIFORNIA WATER SERVICE COMPANY

11

12                    **UNITED STATES DISTRICT COURT**

13          **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

14

15 | VIOLA COPPOLA, GARY COPPOLA, and | Case No. 1:11-CV-01257-AWI-BAM |
   | THE TRUST OF ANTHONY M. COPPOLA, | |
16 | | **AMENDED STIPULATED PROTECTIVE** |
   | Plaintiffs, | **ORDER REGARDING CONFIDENTIAL** |
17 | | **INFORMATION (LOCAL RULE 141)** |
   | v. | |
18 | | The Hon. Anthony W. Ishii, Ctrm. 2 |
   | GREGORY SMITH, an individual, | |
19 | RICHARD LASTER, an individual; and THE | Trial Date:          None Set |
   | JANE HIGGINS NASH TRUST; JANE | |
20 | NASH AS EXECUTOR OF THE ESTATE | |
   | OF DECATUR HIGGINS A/K/A THE | |
21 | ESTATE OF MABEL ELAINE HIGGINS, | |
   | HARLEY MILLER, an individual, CHERYL | |
22 | MILLER, an individual, MARTIN AND | |
   | MARTIN PROPERTIES, BENART MAIN | |
23 | STREET PROPERTIES, CAL WATER | |
   | SERVICE COMPANY, THE CITY OF | |
24 | VISALIA and DOES 1-20, inclusive, | |
   | | |
25 | Defendants. | |
26 | | |
   | AND RELATED CROSS-ACTIONS | |
27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350

1    In order to protect confidential information obtained by the parties in connection with this

2  case, the parties, by and through their respective undersigned counsel and subject to the approval

3  of the Court, hereby agree as follows:

4    1.    Any party or non-party may designate as "Confidential Information" (by stamping

5  the relevant page or as otherwise set forth herein) any document or response to discovery which

6  that party or non-party considers in good faith to contain information involving trade secrets, or

7  confidential business or financial information, including personal financial information about any

8  party to this lawsuit or employee of any party to this lawsuit; information regarding any

9  individual's banking relationship with any banking institution, including information regarding the

10  individual's financial transactions or financial accounts, and any information regarding any party

11  not otherwise available to the public, subject to protection under F.R.C.P. Rule 5.2 and/or Rule 26

12  or under other provisions of Federal and/or California law.  Any party, federal, state or local

13  regulatory agencies also may designate as "Confidential Information" (by stamping the relevant

14  page or as otherwise set forth herein) any document or response to discovery which Plaintiff or

15  that agency considers in good faith comprise: (a) protected critical infrastructure information as

16  described and defined in Presidential Decision Directive 63, Critical Infrastructure Protection

17  (May 22, 1998) and the Critical Infrastructure Information Act of 2002, 6 U.S.C. §§ 131-134; (b)

18  vulnerability assessments as described and defined in section 1433 of the Safe Drinking Water

19  Act, 42 U.S.C. § 300 *et seq.* (as amended by section 401 of the Public Health Security and

20  Bioterrorism Preparedness and Response Act (Pub.L. 107-188), June 12, 2002); or (c) sensitive

21  information as described and defined in section 2.6 of the American Water Works Association's

22  Security Guidance for Water Utilities Overview developed pursuant to the United States

23  Environmental Protection Agency's Water Infrastructure Security Enhancements program and

24  available online at http://www.awwa.oreawwaiscience/wise/report/AWWA_Securities/page2.htm.

25  Where a document or response consists of more than one page, the first page and each page on

26  which confidential information appears shall be so designated.

27  / / /

28  / / /

-2-

AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL
RULE 141)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350

1.1.     "Confidential Information" protected by this Order shall not include information which is either: (a) lawfully received by a party from a source other than through discovery in this action from the party asserting the claim of confidentiality, or (b) public knowledge or information, or information which becomes public after disclosure.  The existence of this Order and its terms do not modify any existing public disclosure obligation of a party or a federal, state or local government agency under the federal Freedom of Information Act, the California Public Records Act, and/or other federal, state or local law requiring disclosure.

2.     A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of the portions of the deposition that are confidential.  In addition, a party or non-party may designate in writing, within fourteen (14) calendar days after receipt of said responses or of those portions of the deposition transcript for which the designation is proposed (or if the transcript or responses are received within 30 calendar days of the date set for the beginning of trial, within half of the number of days remaining before the date set for the beginning of trial), that specific pages of the transcript and/or specific responses be treated as "Confidential Information."  Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in Paragraph 8 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.  A party that makes original documents or materials available for inspection need not designate them as Confidential Information until after the inspecting party has indicated which materials it would like copied and produced.  During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Confidential Information.

/ / /

1    3.    All Confidential Information produced or exchanged in the course of this case (not

2  including information that is publicly available) shall be used by the party or parties to whom the

3  information is produced solely for the purpose of this case.  Confidential Information shall not be

4  used for any commercial competitive, personal, or other purpose.

5    4.    Except with the prior written consent of the other parties, or upon prior order of this

6  Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to

7  any person other than:

8    (a)    counsel for the respective parties to this litigation, including

9    in-house counsel and co-counsel retained for this litigation;

10    (b)    employees of such counsel, including copy services;

11    (c)    individual parties or officers or employees of a party, to the

12    extent deemed necessary by counsel for the prosecution or defense

13    of this litigation;

14    (d)    consultants or expert witnesses retained for the prosecution

15    or defense of this litigation, provided that each such person shall

16    execute a copy of the Certification annexed to this Order (which

17    shall be retained by counsel to the party so disclosing the

18    Confidential Information and made available for inspection by

19    opposing counsel during the pendency or after the termination

20    of the action only upon good cause shown and upon order of

21    the Court) before being shown or given any Confidential

22    Information, and provided that if the party chooses a consultant

23    or expert employed by an opposing party, the party shall notify

24    the opposing party, or designating non-party, before disclosing

25    any Confidential Information to that individual and shall give

26    the opposing party an opportunity to move for a protective

27    order preventing or limiting such disclosure;

28    (e)    any authors or recipients of the Confidential Information;

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350

-4-
AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL RULE 141)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350

(f)    the Court, court personnel, and court reporters, including discovery masters or referees appointed by the Court and associated personnel;

(g)    witnesses (other than persons described in Paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to Paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies.

(h)    private mediators retained in furtherance of settlement or dismissal; and

(i)    any person designated by the Court in the interest of justice, upon such term as the Court may deem proper.

5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.  If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed.  If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed.  No party shall have an affirmative obligation to inform itself regarding such possible

AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL RULE 141)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350

1  use or possession.

2      6.      In connection with discovery proceedings as to which a party submits Confidential

3  Information, all documents and chamber copies containing Confidential Information which are

4  submitted to the Court shall be filed with an appropriate "Request to Seal Documents" pursuant to

5  Local Rule 141(b).

6      7.      A party may designate as "Confidential Information" documents or discovery

7  materials produced by a non-party by providing written notice to all parties of the relevant

8  document numbers or other identification within thirty (30) days after receiving such documents

9  or discovery materials.  Any party or non-party may voluntarily disclose to others without

10  restriction any information designated by that party or nonparty as Confidential Information.  If a

11  party produces materials designated Confidential Information in compliance with this Order, that

12  production shall be deemed to have been made consistent with any confidentiality or privacy

13  requirements mandated by local, state or federal laws.

14      8.      If a party contends that any material is not entitled to confidential treatment, such

15  party may at any time give written notice of its objection to all parties.  The objecting and the

16  designating parties shall promptly confer in an attempt to resolve their differences.  If the

17  designating and objecting parties are unable to resolve their differences, the party or non-party

18  who designated the material shall have twenty (20) calendar days from the receipt of the written

19  objection to file with the court a motion for protective order designating the material as

20  confidential.  The party or non-party seeking the order has the burden of establishing that the

21  document is entitled to protection. In the case of designations received within forty (40) calendar

22  days of the date set for the beginning of trial, the objecting party shall have half of the remaining

23  time before trial in which to raise an objection to the designation.  If an objection is received

24  within twenty (20) calendar days of the date set for the beginning of trial, the designating party

25  must file its motion for protective order on an ex parte basis with a request for an order

26  shortening time on the hearing in order to attempt to have the matter heard before the beginning

27  of trial.  If the matter has not been heard before trial, the issue may be heard by the trial judge in

28  pretrial proceedings.

AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL RULE 141)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350

1    9.    Notwithstanding any challenge to the designation of material as Confidential

2  Information, all documents shall be treated as such and shall be subject to the provisions hereof

3  unless and until one of the following occurs:

4         (a)    the party or non-party who claims that the material is

5    Confidential Information withdraws such designation in writing; or

6         (b)    the party or non-party who claims that the material is

7    Confidential Information fails to apply to the Court for an order

8    designating the material confidential within the time period

9    specified above after receipt of a written challenge to such

10    designation; or

11         (c)    the Court rules the material is not Confidential Information.

12    10.    All provisions of this Order restricting the communication or use of Confidential

13  Information shall continue to be binding after the conclusion of this action; unless otherwise

14  agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential

15  Information, other than that which is contained in pleadings, correspondence, and deposition

16  transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of

17  this action to counsel for the party or non-party who provided such information, or (b) destroy

18  such documents within the time period upon consent of the party who provided the information

19  and certify in writing within thirty (30) days that the documents have been destroyed.

20    11.    Nothing herein shall be deemed to waive any applicable privilege or work product

21  protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

22  protected by privilege or work product protection.  Any witness or other person, firm or entity

23  from which discovery is sought may be informed of and may obtain the protection of this Order by

24  written advice to the parties' respective counsel or by oral advice at the time of any deposition or

25  similar proceeding.

26    12.    This Stipulation and Order may be executed by facsimile signature and in

27  counterparts and each executed counterpart may be combined to create one original document.

28  / / /

-7-
AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL RULE 141)

1    13.    The parties shall seek appropriate orders for the handling of "Confidential

2    Information" at trial pursuant to Local Rule 141.1(b)(2).

3    **IT IS SO STIPULATED**.

4    DATED:  January 20, 2015          WOOD, SMITH, HENNING & BERMAN LLP

5

6                                     By:    _/s/ Patrick S. Schoenburg_

7                                            DAVID F. WOOD
                                             PATRICK S. SCHOENBURG
8                                     Attorneys for Defendant CALIFORNIA WATER
                                      SERVICE COMPANY
9

10   DATED:  January 20, 2015          GLASER WEIL FINK HOWARD AVCHEN &
                                       SHAPIRO, LLP
11

12

13                                     By:    _/s/ Greg R. McClintock_

                                              GREG R. MCCLINTOCK
14                                            NOAH P. PERCH-AHERN
                                       Attorneys for Defendant CALIFORNIA WATER
15                                     SERVICE COMPANY

16   DATED:  January 20, 2015          GREBEN & ASSOCIATES

17

18                                     By:    _/s/ Jan A. Greben_

19                                            JAN A. GREBEN
                                              BRETT A. BOON
20                                     Attorneys for Plaintiffs VIOLA M. COPPOLA
                                       IRREVOCABLE TRUST, GARY COPPOLA and THE
21                                     TRUST OF ANTHONY M. COPPOLA

22   DATED:  January 20, 2015          GUALCO LAW

23

24

25                                     By:    _/s/ Lori J. Gualco_

                                              LORI J. GUALCO
26                                     Attorneys for Defendant RICHARD LASTER

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ◆ FAX 559-438-1350

-8-
AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL RULE 141)

DATED:  January 20, 2015          WILLIAMS, JORDAN & BRODERSEN LLP


By:      */s/ Steven R. Williams*
                STEVEN R. WILLIAMS
Attorneys for Defendant and Cross-Complainant, NASH PROPERITES, LLC; Cross-Defendants DAVID H. NASH and RICHARD P. NASH as the successor co-trustees of the WILLIAM P. NASH and JANE H. NASH RECOVABLE TRUST

DATED:  January 20, 2015          ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP


By:      */s/ Emily L. Murray*
                EMILY L. MURRAY
                TIM C. HSU
Attorneys for Defendant MARTIN AND MARTIN PROPERTIES, LLC

DATED:  January 20, 2015          HERR, PEDERSEN & BERGLUND LLP


By:      */s/ Leonard C. Herr*
                LEONARD C. HERR
Attorneys for Defendant CITY OF VISALIA


DATED:  April 24, 2015            NELSON & ROZIER


By:      */s/ John L. Rozier*
                JOHN L. ROZIER
Attorneys for Defendant and Cross-Complainant
VISALIA UNIFIED SCHOOL DISTRICT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ♦ FAX 559-438-1350

-9-

# **EXHIBIT**

## **CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Amended Stipulation and Protective Order Regarding Confidential Information filed on _____, 20___, in the United States District Court, Eastern District of California, Fresno Division, in the matter of *Coppola v. Smith, et al.,* Case No. 1:11-CV-01257-AWI-BAM ("Order").  I have been given a copy of that Order and read it.

I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court, Eastern District of California, Fresno Division for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ____ day of _____, 20___, at
_____.

By: _____

Address: _____

_____

Phone: _____

/ / /

/ / /

/ / /

-1-

AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL RULE 141)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ◆ FAX 559-438-1350

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7112 NORTH FRESNO STREET, SUITE 160
FRESNO, CALIFORNIA 93720-2949
TELEPHONE 559-437-2860 ◆ FAX 559-438-1350

# **ORDER**

The Court has reviewed the stipulation outlined above (Doc. 317) and adopts the stipulation except that the terms related to judicial intervention on a shortened timeline outlined in paragraph 8 will not be automatic, rather, the Court will determine on a case-by-case basis whether judicial intervention is warranted and whether the Court is able to accommodate shortened or expedited hearings.  Relatedly, the parties are strongly encouraged to resolve any disputes arising from this agreement independently and without court involvement.

IT IS SO ORDERED.

Dated:   **May 7, 2015**                    /s/ *Barbara A. McAuliffe*  _
                                        UNITED STATES MAGISTRATE JUDGE

-2

AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (LOCAL RULE 141)