1

2

**GREBEN & ASSOCIATES**

125 E. DE LA GUERRA ST., STE 203
SANTA BARBARA, CA 93101
TEL: 805-963-9090
FAX: 805-963-9098

3

4

Jan A. Greben, SBN 103464
jan@grebenlaw.com

5

Christine M. Monroe, SBN 304573
christine@grebenlaw.com

6

7

Attorneys for Plaintiffs THE VIOLA M. COPPOLA IRREVOCABLE TRUST, GARY
COPPOLA, and THE TRUST OF ANTHONY M. COPPOLA

8

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

10

11

THE VIOLA M. COPPOLA IRREVOCABLE
TRUST, GARY COPPOLA, and THE TRUST
OF ANTHONY M. COPPOLA;

12

Plaintiffs,

13

14

v.

15

PARAGON CLEANERS (formerly sued as
GREGORY SMITH, an individual); et al.

16

Defendants.

17

18

RELATED CROSS AND COUNTER-CLAIMS

Case No.: 1:11-CV-01257-AWI-BAM

**STIPULATION AND ORDER
SUBSTITUTING PARTIES AND
DIRECTING CLERK TO AMEND
CAPTION**

19

20          Plaintiffs Viola Coppola, Gary Coppola, and the Trust of Anthony M. Coppola (collectively

21    "Plaintiffs") and cross-defendants, David H. Nash and Richard P. Nash (collectively "Nash

22    Defendants") hereby stipulate to substitute to correct the identity of the trust names under which

23    cross-defendants are name in Plaintiffs' Sixth Amended Complaint as follows.

24          Whereas, Plaintiffs named the Jane Higgins Nash Trust ("Trust") as a defendant in their

25    initial complaint, being ignorant of the Trust's successor trustees.

26          Whereas, on January 24, 2014, Plaintiffs and the Nash Defendants (collectively "the

27    Parties") entered into a stipulation to join the Nash Defendants to Plaintiff's Complaint as Doe 2

28    and Doe 3, respectively, based on the information and belief that these parties were successor

trustees to the William P. Nash and Jane H. Nash Revocable Trust ("Revocable Trust"), and under

1   the belief that this trust was a successor trust or successor owner of the property that is at issue in

2   this case.

3          Whereas, the Court entered the order, filed as Document 199, and the Nash Defendants were

4   added as Doe 2 and Doe 3 in this case as trustees for the Revocable Trust.

5          Whereas, since joining the Nash Defendants, Plaintiffs have learned through discovery that

6   these trustees were erroneously sued under the Revocable Trust, which is a different Nash trust, and

7   Plaintiffs wish to correct the identification of the true identity so that the Nash Defendants are

8   named in their correct capacity.

9          Whereas, the deadline to move to amend the pleadings and add parties is September 30,

10  2015, and the Parties wish to comply with this deadline and bring this stipulation in good faith.

11          The Parties hereby stipulate to substitute the parties as follows:

12          1.   The current parties to the Complaint, namely:

13                 a.   Doe 2, David H. Nash as the successor co-trustee of the William P. Nash and

14                      Jane H. Nash Revocable Trust; and

15                 b.   Doe 3, Richard P. Nash as the successor co-trustee of the William P. Nash

16                      and Jane H. Nash Revocable Trust.

17          2.   Shall be replaced with the parties as follows ("Successor Defendants"):

18                 a.   Doe 2, David H. Nash as successor trustee of the Jane Nash Trust, a trust

19                      created under the terms of the Last Will and Testament of Mabel Elaine

20                      Higgins, formerly known as the Mabel Elaine Higgins Testamentary Trust

21                      and commonly known as the Jane Higgins Nash Trust.

22                 b.   Doe 3, Richard P. Nash as successor trustee of the Jane Nash Trust, a trust

23                      created under the terms of the Last Will and Testament of Mabel Elaine

24                      Higgins, formerly known as the Mabel Elaine Higgins Testamentary Trust

25                      and commonly known as the Jane Higgins Nash Trust.

26          The Successor Defendants shall be added to the allegations and claims existing against the

27  Jane Higgins Nash Trust as if they were fully set forth against the Successor Defendants, and each

28  of them.  The answer filed by the Jane Higgins Nash Trust will serve as the answer on behalf of

1  each of the Successor Defendants as if it were fully set forth by each of the Successor Defendants

2  individually.

3  　　　The Plaintiffs are hereby added, on behalf of the Successor Defendants, to the allegations

4  and counterclaims made by the Jane Higgins Nash Trust as if they were fully set forth against the

5  Plaintiffs, and each of them, in the answer and counterclaims filed by the Jane Higgins Nash Trust.

6  　　　As a result of the above stipulation, Plaintiffs hereby dismiss without prejudice from their

7  complaint, David H. Nash as the successor co-trustee of the William P. Nash and Jane H. Nash

8  Revocable Trust; and Richard P. Nash as the successor co-trustee of the William P. Nash and Jane

9  H. Nash Revocable Trust, only.

10

11  Date: August 20, 2015　　　　　　　　　GREBEN & ASSOCIATES

12  　　　　　　　　　　　　　　　　　　　/s/ Jan A. Greben

13  　　　　　　　　　　　　　　　　　　　Jan A. Greben
　　　　　　　　　　　　　　　　　　　　Christine M. Monroe

14  　　　　　　　　　　　　　　　　　　　Attorneys for the Viola M. Coppola Irrevocable Trust,
　　　　　　　　　　　　　　　　　　　　Gary Coppola and the Trust of Anthony M. Coppola

15

16  Date:  August 20, 2015　　　　　　　　WILLIAMS, BRODERSEN & PRITCHETT LLP

17  　　　　　　　　　　　　　　　　　　　/s/ Steven R. Williams

18  　　　　　　　　　　　　　　　　　　　Steven R. Williams
　　　　　　　　　　　　　　　　　　　　Attorneys for The Jane Higgins Nash Trust; Jane Nash

19  　　　　　　　　　　　　　　　　　　　as Executor of the Estate of Decatur Higgins AKA the
　　　　　　　　　　　　　　　　　　　　Estate of Mabel Elaine Higgins; Nash Properties, LLC,

20  　　　　　　　　　　　　　　　　　　　David H. Nash, as the successor co-trustee of the
　　　　　　　　　　　　　　　　　　　　William P. Nash and Jane H. Nash Revocable Trust,

21  　　　　　　　　　　　　　　　　　　　and Richard P. Nash, as the successor co-trustee of the
　　　　　　　　　　　　　　　　　　　　William P. Nash and Jane H. Nash Revocable Trust

22

23

24

25

26

27

28

**ORDER**

Based on the agreement of the parties, the stipulation is GRANTED in full. The Clerk of the Court SHALL substitute the parties as follows:

1. The current parties to the Complaint, namely:

    a. David H. Nash as the successor co-trustee of the William P. Nash and Jane H. Nash Revocable Trust; and

    b. Richard P. Nash as the successor co-trustee of the William P. Nash and Jane H. Nash Revocable Trust.

2. Shall be replaced with the parties as follows ("Successor Defendants"):

    a. David H. Nash as successor trustee of the Jane Nash Trust, a trust created under the terms of the Last Will and Testament of Mabel Elaine Higgins, formerly known as the Mabel Elaine Higgins Testamentary Trust and commonly known as the Jane Higgins Nash Trust.

    b. Richard P. Nash as successor trustee of the Jane Nash Trust, a trust created under the terms of the Last Will and Testament of Mabel Elaine Higgins, formerly known as the Mabel Elaine Higgins Testamentary Trust and commonly known as the Jane Higgins Nash Trust.

IT IS SO ORDERED.

Dated:   **August 27, 2015**                              /s/ Barbara A. McAuliffe
                                                    UNITED STATES MAGISTRATE JUDGE