UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLA M. COPPOLA, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GREGORY SMITH, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:11-cv-1257-AWI-BAM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO FILE A SEVENTH AMENDED COMPLAINT AND VACATING HEARING**<br><br>(Docs. 325, 327, 329) |

Presently before the Court is Plaintiffs Gary Coppola, the Trust of Anthony M. Coppola, and the Viola M. Coppola Irrevocable Trust's (collectively "Coppola") Second Amended Motion for Leave to File a Seventh Amended Complaint. (Doc. 329). Defendant the City of Visalia ("City") filed an opposition on October 16, 2015. (Doc. 331). No other party filed an opposition. The Court concludes that the matters are appropriate for determination without oral argument and vacates the hearing set for October 29, 2015. *See* Local Rule 230(g).  Having considered the record in this case, the parties' briefing, and the relevant law, Plaintiffs' motion is GRANTED.

**BACKGROUND**

This litigation stems from the alleged environmental contamination resting below several properties in Visalia, California ("Contamination Plume"). At all times relevant, Coppola was the

owner and operator of the real property located at 717 West Main Street in Visalia ("Coppola Property") within the Contamination Plume. As a result, Coppola initiated this lawsuit due to an Order by California's Department of Toxic Substances Control ("DTSC") to investigate, delineate, and abate the Contamination Plume in the vicinity of the Coppola Property.

Pursuant to the DTSC order, Coppola has been investigating the extent of the contamination and filed the instant lawsuit on November 15, 2010, in the Tulare County Superior Court naming various parties, including nearby property owners and operators. The case was removed to this Court on July 28, 2011. (Doc. 1). There have been numerous amendments to the complaint. Currently, the operative complaint is the Sixth Amended Complaint that names several property owners, the City of Visalia, California Water Service, and Martin and Martin LLC as Defendants and alleges violations of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Defendants have filed numerous counterclaims and cross-claims.

In this motion, Plaintiffs seek to (1) add a thirteenth claim for relief pursuant to the Resources Conservation and Recovery Act ("RCRA") against the City of Visalia ("City") only and (2) add further allegations against the Estate of Decatur Higgins, Deceased ("Higgins Estate") regarding new information recently discovered regarding the length of ownership of the property during its prior dry cleaner operations. (Doc. 329 at 2).[1]

On October 16, 2015, the City opposed the motion arguing that Coppola has unnecessarily delayed seeking an amendment to add the RCRA cause of action. (Doc. 331). According to the City, Coppola's RCRA cause of action is based on allegations that the City owned a sewer system into which others poured PCE that leaked into the ground and groundwater. The City argues these same allegations were first made against the City in June 2012 and therefore a request three years later is untimely. (Doc. 331).

///

---

[1] The Higgins Estate has not opposed Coppola's motion and therefore the motion to amend with respect to the allegations against the Higgins Estate is GRANTED.

## LEGAL STANDARD

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). To evaluate a motion to amend to amend the Complaint under Rule 15, the Court should consider factors including: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d at 1052 ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990).  Additionally, "leave to amend will not be granted where an amendment would be futile." *Theme Promotions, Inc. v. News Am*. Mktg. FSI, 546 F. 3d 991, 1010 (9th Cir. 2008).

## DISCUSSION

The Court has examined all of the factors listed above.  There is no evidence that the filing of the Seventh Amended Complaint was the result of undue delay, that it was brought in bad faith, or that there will be prejudice to the Defendants. Thus, after weighing the pertinent factors and in light of the liberality with which the Court must view the motion, the Court finds there is an insufficient showing to justify rejecting the amendment as explained below.

///

**A. No Undue Delay**

The City primarily argues that Coppola fails to demonstrate any grounds for waiting over 40 months to add its RCRA claim. The City states that Plaintiffs' new cause of action is based on allegations that Coppola first alleged against the City in June 2012. The City maintains that Plaintiffs therefore had all the requisite information necessary to add the RCRA claim yet unduly delayed until September 1, 2015 to seek leave to amend. Alternatively, in the event the Court grants Plaintiffs' request for leave to amend, the City requests similar leave to file a RCRA counterclaim "arising from the same facts that give rise to the complaint." (Doc. 331 at 4).

Coppola responds that the request for leave to amend is timely. According to Coppola, although this case was initially filed more than four years ago, it remains in its relative infancy due to the complex nature of the claims, the number of parties, and the currently ongoing investigation of the contamination plume. Plaintiffs also point to the Court's May 12, 2015 Scheduling Order setting September 30, 2015 as the deadline for motions to amend the pleadings. (Doc. 320). Finally, Coppola does not oppose the City's request to file a corresponding RCRA counterclaim.

As to undue delay, the Court looks at whether the moving party unduly delayed in filing their motion. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). In making such a determination, the court looks at "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.*

In light of the Ninth Circuit's liberal policy regarding amendments to pleadings and Plaintiffs' compliance with the Court's scheduling deadline regarding filing motions to amend pleadings, the Court finds that the City has not sufficiently established the existence of undue delay.

**B. No Prejudice**

Next, the most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the

4

burden of showing prejudice." *DCD Programs v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1986). If a proposed amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial. 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure Amendments under Rule 15(a) § 1488 (3d ed. 2010). If the court determines that the proposed amendment would result in defendant being put to added expense and the burden of a more complicated and lengthy trial, leave to amend may be denied. *Id.*

The City has not and cannot argue that the amendment would cause prejudice to any party. Discovery has only recently commenced in this action, and neither Coppola, nor the City has been deposed. The City will have adequate time to conduct discovery relating to Coppola's RCRA claim, and as the City concedes, the general nature of the claims arise out of the City's contribution to the contamination alleged in June 2012. Therefore, the City will not be prejudiced by Coppola's RCRA claim because it will not radically shift the nature of the case, and the City has adequate time to prepare a defense. Separately, no other existing party will be prejudiced by Coppola's RCRA claim because it is asserted against the City only. Finally, the City will also be granted leave to allege a corresponding RCRA counterclaim against Coppola in this action.

In sum, there is no evidence of bad faith, undue delay, prejudice to the opponent, or that the amendment would be futile. Accordingly, the Court has considered all of the factors listed above and concludes that Plaintiffs' request for leave should be granted.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to file a Seventh Amended Complaint is GRANTED;

2. The City's request for leave to add a RCRA counterclaim is GRANTED;

3. Within ten (10) days of service of this Order, Coppola shall file their Seventh Amended Complaint, and any related documents;

5

4. The City of Visalia and the Estate of Decatur Higgins shall file their respective answers or other responsive pleadings to the Seventh Amended Complaint in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following Coppola's filing of the amended complaint;

5. No other previously answering defendants, including the Nash Parties, are required to file an Answer.

IT IS SO ORDERED.

Dated:   **October 27, 2015**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE