UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLA M. COPPOLA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY SMITH, *et al.*,<br><br>Defendants. | Case No.: 1:11-cv-1257-AWI-BAM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL FURTHER DOCUMENT PRODUCTION**<br><br>(Doc. 362) |

Presently before the Court is Plaintiffs' Motion to Compel further discovery responses from Defendant the City of Visalia ("Defendant" or "the City"). (Doc. 362). The Motion was heard on February 19, 2016, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Christine Munroe appeared in person on behalf of Plaintiffs. Counsel Ron Statler appeared by telephone on behalf of the Defendant. Having considered the joint statement of the parties, argument presented at the hearing, as well as the Court's file, Plaintiffs' Motion to Compel is GRANTED.

## I.   Background

This case arises out of a contamination plume in the soil, gas and groundwater under the City of Visalia, California, largely arising from perchloroethylene, a chemical solvent. Plaintiffs bring

claims against the City under CERCLA, RCRA and various state claims, including dangerous condition of public property. The claims against the City relate to contribution to the contamination plumes from its sewer system. These claims arise out of ongoing issues that span a lengthy period of time dating back to at least the mid-20th century.

## II.  The Discovery Dispute

In this motion, Plaintiffs argue that the City is delaying discovery efforts through a consistent pattern of piecemeal production.  As further detailed in the parties' Joint Statement, after months of meet and confer efforts by Plaintiffs and partial production by the City, Plaintiffs contend that it remains unclear whether the City has produced all responsive documents to the pending discovery requests and whether the City has conducted a good faith search for responsive documents.  Based on this uncertainty, Plaintiffs seek an order compelling the City to produce all responsive documents within the scope of this litigation.  Alternatively, to the extent the City lacks responsive documents, Plaintiffs ask the City to provide a declaration under penalty of perjury that it has made a good faith inquiry to produce all responsive documents within its possession, custody and control, and detailing its efforts to locate responsive documents in an effort to comply with Rule 34.  Lastly, Plaintiffs also request that the Court preclude the City from introducing documents not produced but are responsive to these requests at a later date without a stipulation from Plaintiffs.

In response, the City advises the Court that it has performed thorough and complete search efforts.  According to the City, the production of documents has taken time due to the nature of the document requests and the need to produce discovery spanning decades. Further, while the discovery Plaintiffs' seek is only marginally relevant to this action, the City has expended substantial resources in order to comply with Plaintiffs' requests for production. The City proposes that the parties continue to meet and confer in order for Plaintiffs to provide more specificity as to the documents they feel have not been produced.  (Doc. 362 at 8-9). Indeed, on February 18, 2016, the City made available to Plaintiffs an additional 20,000 documents for inspection and copying.

///

### III. LEGAL STANDARD

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 U.S. Dist. LEXIS 11026, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (*citing In re Bankers Trust Co*., 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 U.S. Dist. LEXIS 17006, 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 U.S. Dist. LEXIS 36953, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 U.S. Dist. LEXIS 35359, 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 8, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 U.S. Dist. LEXIS 25910, 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with other forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); *Marti v. Baires*, 2012 U.S. Dist. LEXIS 77962, 2012 WL 2029720 (E.D. Cal. June 5, 2012).

### IV. DISCUSSION

The heart of this discovery dispute is simple. Plaintiffs are dissatisfied with the City's document production because although the City repeatedly represents that it has "conducted a reasonably diligent search for documents in its custody and control" and "produced all responsive documents absent privilege," the City continues to supplement its discovery with documents that

ostensibly should have already been produced. As a result of the piecemeal production, Plaintiffs have been unable to fully prepare for the City's Rule 30(b)(6) deposition, causing the deposition to be rescheduled twice. Plaintiffs argue that this "trickle down" discovery is prejudicial and contrary to discovery Rules 26 and 34. Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 34(a)(1). The Court agrees.

Plaintiff's briefing provides multiple examples evidencing a distinct pattern of the City's discovery efforts: Plaintiffs send a meet and confer letter raising concerns about the existence and production of documents, or lack thereof that have been produced. The City responds that all documents have been produced. Thereafter, the City produces a few more documents with no explanation as to why such data was not produced initially. While the Court does not believe that the City's discovery responses are made in bad faith, it is often unclear, based on Defendant's pattern of responses, whether Defendant has truly conducted a diligent search and reasonable inquiry into the existence of the documents requested, but was unable to comply, as required by Federal Rule of Civil Procedure 34. It is also unclear if Defendant has previously produced all responsive documents. Under the discovery rules, the City is obligated to perform a thorough and extensive search for responsive discovery, and after those search efforts are complete, Plaintiffs are entitled to reasonably rely on Defendant's certifications and proceed to the next phase of this litigation with a closed universe of documents.

The City must do more than state that all documents have been produced. A party must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the "party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." Fed. R. Civ. P. 26(g)(1). To comply with the discovery rules, the City must confirm that a thorough search was conducted with due diligence; and the City must briefly describe the search to allow the Court to determine whether it was reasonable. *See Marti*, 2012 WL 2029720, at *49-50. Under these circumstances, the City has failed to meet its burden of showing that a diligent search took place.

Therefore, to respond in accordance with this order, Defendant will have an additional thirty days, or until March 25, 2016 to conduct a final search for responsive documents. Responsive documents located during this search may be produced at any time before March 25, 2016, but any

4

documents not produced by March 25 shall be subject to the Court's preclusion order. Defendant should also affirmatively state in a sworn affidavit the measures the City took to complete the search, including custodians and methodology. Further, given that Defendant has had nearly a year to adequately respond to discovery in this matter, the Court will preclude the City from using any further documents produced after this additional search period, unless the City obtains a stipulation from Plaintiffs or an Order granting relief from the Court.

**CONCLUSION AND ORDER**

For the reasons discussed on the record and detailed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel further document production from Defendant the City of Visalia is GRANTED (Doc. 361);

2. On or before **March 25, 2016**, Defendant SHALL complete the additional search for responsive documents and produce responsive document as discussed on the record and certify that it has produced, pursuant to a reasonable and diligent search, all responsive documents within its possession, custody or control;

3. On or before **March 21, 2016**, Defendant SHALL file a sworn affidavit with the Court explaining its search in detail, including, but not limited to, identifying the custodians contacted and the methodology used;

4. The Court SETS a Status Conference for **February 25, 2016**, to discuss the deposition date for Defendant's 30(b)(6) deponent and whether Defendant has withheld documents under a privilege objection. If the parties file a status report prior to the Status Conference indicating that the parties have identified a date in mid-April for the City's deposition and met and conferred about whether the production of a privilege log is necessary, the Court will vacate the status conference;

///
///
///
///

5. The Court CONTINUES the Non-Expert Discovery Cutoff between Plaintiffs and Defendant the City of Visalia, only, to **June 1, 2016** for the purpose of completing the discovery at issue in this order.

IT IS SO ORDERED.

Dated:  **February 23, 2016**           /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE