UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLA M. COPPOLA, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GREGORY SMITH, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:11-cv-1257-AWI-BAM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO FILE AN EIGHTH AMENDED COMPLAINT AND VACATING HEARING**<br><br>(Doc. 379) |

Presently before the Court is Plaintiffs Gary Coppola, an individual; Gary Coppola, as successor trustee of the Viola M. Coppola Irrevocable Trust; and Gary Coppola, as trustee of the Anthony M. Coppola Trust's (collectively "Coppola" or "Plaintiffs") Motion for Leave to File an Eighth Amended Complaint. (Doc. 379). Defendant Visalia Unified School District ("VUSD") filed an opposition on April 22, 2016 to which Plaintiffs replied on April 29, 2016. (Docs. 395, 399). No other party filed an opposition. The Court concludes that the motion is appropriate for determination without oral argument and vacates the hearing set for May 6, 2016. *See* Local Rule 230(g). Having considered the record in this case, the parties' briefing, and the relevant law, Plaintiffs' motion is GRANTED.

1

**BACKGROUND**

This litigation stems from the alleged environmental contamination resting below several properties in Visalia, California ("Contamination Plume"). At all times relevant, Coppola was the owner and operator of the real property located at 717 West Main Street in Visalia ("Coppola Property") within the Contamination Plume. Coppola initiated this lawsuit due to an Order by California's Department of Toxic Substances Control ("DTSC") to investigate the occurrence of tetrachloroethylene, also known as perchloroethylene ("PCE"), in the soil and groundwater in the vicinity of the Coppola Property.

In complying with the DTSC's requirements, Coppola's investigation has identified several parties including VUSD that may be liable for the release of PCE. Prior to this motion, the basis for the allegations against VUSD involved VUSD's irrigation well located at Redwood High School, which allegedly caused PCE-contaminated groundwater to spread to previously uncontaminated areas. The complaint did not allege that VUSD had used PCE on its property.

In this motion, Coppola seeks to add "newly discovered facts" regarding VUSD's use of PCE on its property; an allegation VUSD previously denied. (Doc. 379). According to Coppola, it was not until a supplemental document production and VUSD's Rule 30(B)(6) testimony that VUSD admitted to handling products containing PCE on its property. *See* Declaration of Christine Monroe ("Monroe Decl."), Exhs. 1-6, (Doc. 379-2). Coppola explains that on October 1, 2015, Coppola served requests for production asking VUSD to produce "all documents relating to the use of PCE on the VUSD property." Monroe Decl. Exh. 1. On November 18, 2015, VUSD responded that it "has no such documents and believes none exist." Monroe Decl. Exh. 2.

On December 17, 2015, Coppola served a Notice of VUSD's Rule 30(b)(6) Deposition, which was scheduled to take place on January 27, 2016. *See* Declaration of Clayton Christenson ("Christenson Decl."), ¶ 8, (Doc. 395-1).  The deposition notice designated several categories related to VUSD's knowledge of the use of any solvents or hazardous substances at Redwood High School, and contained a Request for Production of Documents regarding any materials reviewed by the deponent. On January 26, 2016, VUSD emailed the documents reviewed by the deponent to Plaintiffs' counsel in preparation for VUSD's 30(b)(6) deposition. Among the documents were hazardous waste

manifests and a hazardous materials inventory for Redwood High School. Christenson Decl., ¶ 9, Exhibit B.

The following day, during VUSD's initial Rule 30(b)(6) deposition, Joe Haley testified that VUSD never used PCE at Redwood High School, and that he was unaware of any information to the contrary, but that he had not reviewed certain records. Later that day, after the deposition had ended, Plaintiffs' counsel and VUSD's counsel discussed several issues related to the case. Christenson Decl., ¶ 11. In the course of the conversation, Plaintiffs' counsel indicated that some of the cleaning products listed in the hazardous materials inventory VUSD had provided contained PCE. Christenson Decl., ¶ 11.

After the January 27, 2016, deposition, VUSD re-reviewed its records, examined the chemical composition of its hazardous materials and determined that some of the products used at Redwood High School contained PCE. Supplemental responses were produced to Coppola on January 28, 2016 and March 3, 2016. Christenson Decl., ¶ 12. Following that production, Coppola resumed the deposition of VUSD's 30(b)(6) witness Joe Haley on March 31, 2016. At VUSD's continued deposition, Mr. Haley changed his position and stated that VUSD had learned that some of the products used in the Auto Shop, Wood Shop, and Custodial Department contained PCE. Christenson Decl., ¶ 13.

Although VUSD acknowledges the change in circumstances with respect to its use of PCE, VUSD opposes the amendment arguing that Coppola fails to show good cause to modify the scheduling order because Coppola waited until after the amendment deadline had already passed to inquire about VUSD's PCE use. (Doc. 395 at 2). According to VUSD, the scheduling order in this case required any motions to amend the pleadings to be filed by September 30, 2015. Coppola waited until October 1, 2015 (after the amendment deadline) to conduct written discovery on whether VUSD used PCE on its property. Consequently, Coppola cannot claim that its failure to amend before the deadline was due to reliance on representations from VUSD, as Coppola asked no questions about VUSD's PCE use, and VUSD made no representations about it, until after the deadline to amend the pleadings had already passed.

VUSD also argues that Plaintiffs cannot deny that they knew of facts supporting allegations about VUSD's PCE on January 27, 2016, when Plaintiffs' counsel contacted VUSD about the PCE materials found in the hazardous materials inventory. Despite this knowledge in late January, Coppola delayed bringing a motion to amend until April 8, 2016, when fact discovery was nearly complete.

## LEGAL STANDARD

Once the Court has set a deadline for amending the pleadings in a pretrial order and that deadline has passed, any request for leave to amend must first be evaluated under the "good cause" standard of Federal Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607-08 (9th Cir. 1991); *see also Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000). "If the court considered only Rule 15(a) without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Jackson v. Laureate, Inc*., 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citations and modifications omitted).

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." In determining whether good cause exists, courts primarily consider the diligence of the party seeking the modification. *Id.* at 609; *see also Coleman*, 232 F.3d at 1294. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. If, however, the moving party has shown good cause under Rule 16(b), it must then demonstrate that its motion is also proper under Rule 15. *Johnson*, 975 F.2d at 608.

Overall, the decision is one of broad discretion. *See Miller v. Safeco Title Ins. Co*., 758 F.2d 364, 369 (9th Cir. 1985).

## ANALYSIS

Coppola concedes that the proposed amendment is brought after the Court's amendment deadline and therefore subject to Rule 16(b)'s diligence analysis. Coppola asserts however that in light of the new information disclosed in the recent deposition of VUSD's witness, there is good cause to modify the scheduling order and to grant leave to amend the pleadings.

### A. Diligence Under Rule 16(b)

The primary consideration in evaluating "good cause" under Rule 16(b) for a party's delay in seeking to amend its pleading is whether the party was diligent in attempting to comply with the deadline the Court imposed. *Johnson*, 975 F.2d at 609. Coppola argues the Plaintiffs brought this motion promptly following the discovery of facts sufficient to bring the allegations against VUSD. Until recently, Coppola had no evidence that VUSD used PCE on its property because VUSD denied that fact in its written discovery and deposition. Now that VUSD, and in turn Coppola, have discovered the evidence, Coppola seeks leave to amend to bring allegations against VUSD with respect to the evidence of use of PCE.

On the other hand, VUSD responds that Plaintiffs cannot establish diligence because even if VUSD had immediately produced all relevant documents in response to Coppola's October 1, 2015 request for production of PCE documents, Coppola still would not have been able to comply with the Court's scheduling order. VUSD observes that Coppola's own failure to propound relevant discovery until after the deadline for motions to amend had passed demonstrates a lack of diligence.

The question for the Court is whether Plaintiffs, acting diligently, could have reasonably met the September 30, 2015 deadline to amend the Complaint set forth in the Scheduling Order. VUSD cannot and does not deny that on January 27, 2016 (well after the amendment deadline), during its initial Rule 30(b)(6) deposition, VUSD provided sworn testimony denying the use of PCE on its property and stating that documents supporting PCE do not exist. Monroe Decl. Ex. 5. Therefore, neither Coppola nor VUSD discovered VUSD's potential use of PCE until after the amendment deadline.

For that reason, the Court cannot say that Coppola should have inquired about facts related to VUSD's use of PCE before the amendment deadline when VUSD was unaware of its own use of PCE until after the amendment deadline. Regardless of whether Coppola propounded written discovery before or after the deadline set for amending the complaint, VUSD's initial position was that it did not use PCE on its property and that records indicating PCE use did not exist. It was not until VUSD's Rule 30(b)(6) witness was preparing for his deposition months after the amendment deadline that VUSD claims it discovered an index of hazardous substances used on campus. Even then, that index

did not identify the direct use of PCE, but rather was the first piece of information that led Coppola and VUSD to investigate VUSD's potential use of PCE further.

Allowing parties to amend based on information obtained through discovery is common and well established. *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2006 U.S. Dist. LEXIS 94421, 2006 WL 3733815, 15-16 (E.D. Cal. Dec. 15, 2006) (collecting cases where court granted leave to amend after the amendment deadline based on "new information revealed through discovery"). Moreover, discovery of new evidence is often sufficient to satisfy the good cause standard. *See M.H. v. County of Alameda*, 2012 U.S. Dist. LEXIS 168412, 2012 WL 5835732 (N.D. Cal. Nov. 16, 2012) (Court specifically recognized that a plaintiff has good cause to amend a complaint to add defendants if the identities of those defendants were unknown prior to discovery). The Court finds Coppola has produced sufficient evidence of its diligence in pursuing its new allegations. VUSD's contention that Coppola should have acted with more diligence than VUSD demonstrated itself is unpersuasive. Therefore, despite Defendant's assertions to the contrary, the Court finds that Plaintiffs have established "good cause" under Rule 16 to seek leave to amend after the deadline set in the Court's scheduling order based on newly discovered evidence.

To the extent that VUSD argues that Plaintiffs should have amended immediately after discovering that VUSD's material data sheets contained PCE products, the Court is equally unpersuaded. The hallmark of this case is the parallel ongoing investigations conducted not only by Plaintiffs but also by third party regulatory agencies. VUSD was named as a defendant only in the last year based on findings from the regulatory agencies' investigations into the sources of PCE. Those investigations revealed that VUSD's operation of its water well may have led to the release of PCE. Coppola reasonably assumed that those same investigations would have revealed VUSD's use of PCE had it existed, but no such evidence was uncovered. Once the allegations of VUSD's "potential" PCE use came to light, Coppola made diligent efforts to investigate the claims. That two months passed between the discovery of the PCE documents and the filing of the motion for leave to amend is not an unreasonable delay especially in light of the fact that between January 27, 2016, and March 31, 2016, VUSD did little to clarify the contradictions it made in the deposition. Specifically, VUSD gave sworn testimony on January 27, 2016 that it did not use PCE, and Mr. Haley, VUSD's deponent,

did not identify the direct use of PCE, but rather was the first piece of information that led Coppola and VUSD to investigate VUSD's potential use of PCE further.

Allowing parties to amend based on information obtained through discovery is common and well established. *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2006 U.S. Dist. LEXIS 94421, 2006 WL 3733815, 15-16 (E.D. Cal. Dec. 15, 2006) (collecting cases where court granted leave to amend after the amendment deadline based on "new information revealed through discovery"). Moreover, discovery of new evidence is often sufficient to satisfy the good cause standard. *See M.H. v. County of Alameda*, 2012 U.S. Dist. LEXIS 168412, 2012 WL 5835732 (N.D. Cal. Nov. 16, 2012) (Court specifically recognized that a plaintiff has good cause to amend a complaint to add defendants if the identities of those defendants were unknown prior to discovery). The Court finds Coppola has produced sufficient evidence of its diligence in pursuing its new allegations. VUSD's contention that Coppola should have acted with more diligence than VUSD demonstrated itself is unpersuasive. Therefore, despite Defendant's assertions to the contrary, the Court finds that Plaintiffs have established "good cause" under Rule 16 to seek leave to amend after the deadline set in the Court's scheduling order based on newly discovered evidence.

To the extent that VUSD argues that Plaintiffs should have amended immediately after discovering that VUSD's material data sheets contained PCE products, the Court is equally unpersuaded. The hallmark of this case is the parallel ongoing investigations conducted not only by Plaintiffs but also by third party regulatory agencies. VUSD was named as a defendant only in the last year based on findings from the regulatory agencies' investigations into the sources of PCE. Those investigations revealed that VUSD's operation of its water well may have led to the release of PCE. Coppola reasonably assumed that those same investigations would have revealed VUSD's use of PCE had it existed, but no such evidence was uncovered. Once the allegations of VUSD's "potential" PCE use came to light, Coppola made diligent efforts to investigate the claims. That two months passed between the discovery of the PCE documents and the filing of the motion for leave to amend is not an unreasonable delay especially in light of the fact that between January 27, 2016, and March 31, 2016, VUSD did little to clarify the contradictions it made in the deposition. Specifically, VUSD gave sworn testimony on January 27, 2016 that it did not use PCE, and Mr. Haley, VUSD's deponent,

1 reviewed and signed his deposition transcript on February 24, 2016 failing to take any steps to correct that misinformation until the March 31, 2016 deposition. The motion now pending before the Court was filed eight days later. Given the short timeframe between Plaintiffs learning of the inadequacy of their pleading and the requests for leave to amend, the Court finds that Plaintiffs were diligent under Rule 16.

### B.    Prejudice Under Rule 15(a)

Once the movant satisfies its burden to establish good cause under Rule 16(b), the Court will then consider the permissibility of amendment under Rule 15. *Johnson*, 975 F.2d at 608. In the Ninth Circuit, Rule 15 is applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001). When considering whether to grant leave to amend under Rule 15, a district court considers the presence of any of four factors including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility.[1] *Id*.; *Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877, 880 (9th Cir. 1999) (noting "this determination should be performed with all inferences in favor of granting the motion"); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon*, *Inc*. 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987). If a proposed amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial. 6 WRIGHT, MILLER & KANE, Federal Practice and Procedure – Amendments with Leave of Court § 1487 (3d ed. 1998). If the Court determines that the proposed amendment would result in defendant being put to added expense and the burden of a more complicated and lengthy trial, leave to amend may be denied. 6 WRIGHT *et al*., § 1487.

Here, VUSD argues that it would suffer substantial prejudice if the amendment were allowed because up until this point VUSD has only defended this suit on one theory of liability—the operation

---

[1]    VUSD does not challenge Plaintiffs' amendment based on bad faith, futility, or undue delay.

of an irrigation well at Redwood High School. Doc. 395 at 8. Now that fact discovery must be completed by May 2, 2016, VUSD will be unable to conduct fact discovery or locate evidence with respect to the new allegations that VUSD caused PCE contamination through the operations of its Auto Shop. Additionally, VUSD argues that it has already begun to meet and confer about its prospective motion for summary judgment and was preparing to file the motion shortly. Requiring VUSD to explore new theories would thus circumvent VUSD's anticipated motion for summary judgment.

Traditionally, where a motion to amend is brought shortly before the close of discovery and allowing the motion would require the reopening of discovery, the motion may properly be denied for prejudice to defendant and for delaying proceedings. *See, e.g., Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings). However, the discovery at issue here is the subject of expert discovery—which does not close until September 23, 2016—not fact discovery. (Doc. 398). VUSD recently stipulated—and the Court agreed—to extend expert disclosures to July 13, 2016. (Docs. 396, 398). This affords VUSD over two more months to prepare its experts before expert discovery opens and expert discovery does not close until September 23, 2016. Accordingly, VUSD has sufficient time to prepare for any additional expert discovery.

With respect to fact discovery, VUSD fails to identify any additional fact discovery that is not currently within Defendant's custody and control. At issue is VUSD's use of PCE on its property; an allegation that VUSD does not dispute, and such evidence is presumably within VUSD's possession. VUSD has already produced documents supporting its use of PCE and Plaintiffs assert that they do not have any other factual information regarding VUSD's handling of PCE. (Doc. 399 at 6). For those reasons, VUSD's contention that it will need to conduct significant additional fact discovery is not supported.

Finally, although VUSD may have participated in initial discussions about its motion for summary judgment, those discussions were not in vain as VUSD must still defend against allegations based on a transporter theory of liability. Further, the dispositive motion filing deadline is October 14,

2016, and VUSD's choice to file a summary judgment motion well before the date set does not represent good cause to deprive Coppola of adjudicating their claims against VUSD. The CERCLA statute of limitations period has not begun to run, and Coppola could bring a separate action against VUSD on the new allegations presented here.  However, the Court believes it far more fair and efficient to include this related claim in the instant litigation. Therefore, the Court concludes that VUSD has failed to demonstrate prejudice under Rule 15(a).  Plaintiffs' request for leave should be granted.

## **CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to file an Eighth Amended Complaint is GRANTED;
2. Within three (3) court days of the service of this Order, Coppola shall file their Eighth Amended Complaint;
3. Visalia Unified School District shall file its answer or other responsive pleading to the Eighth Amended Complaint in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following Coppola's filing of the amended complaint;
4. The answers on file for the remaining defendants are deemed responsive to the Eighth Amended Complaint and no further answer is required;
5. The discovery deadlines remain as set forth in the Court's scheduling order and subsequent Court-approved stipulations.

IT IS SO ORDERED.

Dated:   **May 4, 2016**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE