
**GREBEN & ASSOCIATES**
125 E. DE LA GUERRA ST., STE 203
SANTA BARBARA, CA 93101
TEL: 805-963-9090
FAX: 805-963-9098

Jan A. Greben, SBN 103464
jan@grebenlaw.com
Christine M. Monroe, SBN 304573
christine@grebenlaw.com

Attorneys for Plaintiffs GARY COPPOLA, an individual; GARY COPPOLA, as SUCCESSOR TRUSTEE OF THE VIOLA M. COPPOLA IRREVOCABLE TRUST; and GARY COPPOLA, as TRUSTEE OF THE ANTHONY M. COPPOLA TRUST

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| GARY COPPOLA, an individual, GARY COPPOLA, as SUCCESSOR TRUSTEE OF THE VIOLA M. COPPOLA IRREVOCABLE TRUST; and GARY COPPOLA, as TRUSTEE OF THE ANTHONY M. COPPOLA TRUST;<br><br>Plaintiffs,<br><br>v.<br><br>PARAGON CLEANERS (formerly sued as GREGORY SMITH, an individual); RICHARD LASTER, an individual; THE JANE HIGGINS NASH TRUST; JANE NASH AS EXECUTOR OF THE ESTATE OF DECTAUR HIGGINS A/K/A THE ESTATE OF MABEL ELAINE HIGGINS; the CITY OF VISALIA, NASH PROPERTIES LLC [DOE #1], DAVID H. NASH, as the successor co-trustee of the JANE NASH TRUST, a trust created under the terms of the Last Will and Testament of Mabel Elaine Higgins Testamentary Trust and commonly known as the Jane Higgins Nash Trust [DOE #2], RICHARD P. NASH, as the successor co-trustee of the JANE NASH TRUST, a trust created under the terms of the Last Will and Testament of Mabel Elaine Higgins Testamentary Trust and commonly known as the Jane Higgins Nash Trust [DOE #3]<br><br>Defendants. | Case No.: 1:11-CV-01257-AWI-BAM<br><br>**STIPULATION AND [PROPOSED] ORDER ON UNDISPUTED MATTERS IN LIEU OF SUMMARY JUDGMENT BRIEFING**<br><br>*Honorable Judge Anthony W. Ishii* |

Plaintiffs Gary Coppola, an individual, Gary Coppola, as successor trustee of the Viola M. Coppola Irrevocable Trust, and Gary Coppola as trustee of the Anthony M. Coppola Trust ("Plaintiffs") and the City of Visalia ("City") (collectively, "the Parties") enter the following stipulation and request for an Order to narrow the issue for trial and in lieu of briefing these matters in summary judgment motions. Good cause exists because this stipulation was reached voluntarily and in good faith following the Parties' meet and confer efforts made pursuant to the Court's Scheduling Order and Local Rule 260 regarding Plaintiffs' intent to file a motion for partial summary judgment.

The Parties hereby agree, stipulate and request that the Court enter an Order establishing that the following facts and elements are undisputed and thus require no proof at trial as to Plaintiffs' CERCLA claims.

1. The City's sewer mains and trunks, only (without admission of any other portion of the sewer system, including the side sewers, laterals and/or wyes), are a facility within the meaning of CERCLA.

2. The City is a covered person within the meaning of 42 U.S.C. § 9607 (a)(1) as the owner and operator of the sewer mains and trunks (facility).

3. Plaintiffs have incurred at least some necessary response costs to meet the minimal threshold required for establishing their CERCLA claims against the City.

As to Plaintiffs' CERCLA claims, the Parties specifically dispute the third element of CERCLA's prima facie case as to whether "a 'release' or 'threatened release' of any 'hazardous substance' [occurred] from the facility." 42 U.S.C. § 9607 – see e.g. *Stevens Creek Assoc. v. Barclays Bank of Cal*, 915 F.2d 1355, 1358 (1990). Additionally, the issues of allocation and/or damages remain an issue for trial and the Parties' stipulation is not intended to waive any argument regarding these matters.

The Parties further agree, stipulate and request that the Court enter an Order dismissing, *without leave to amend*, the thirty-sixth, thirty-seventh, thirty-eighth and fortieth affirmative defenses, only, raised by the City in its Answer to Plaintiffs' Eighth Amended Complaint [Document

406]. All remaining affirmative defenses raised in the City's Answer remain operative. The dismissal of said affirmative defenses is not intended to operate as an adjudication on the merits, and no admission shall be construed as a result of the dismissal.

Dated: October 14, 2016          GREBEN & ASSOCIATES

/s/ Christine Monroe
Jan A. Greben
Christine M. Monroe
Attorneys for Plaintiffs and Counter Defendants
GARY COPPOLA, an individual; GARY COPPOLA, as SUCCESSOR TRUSTEE OF THE VIOLA M. COPPOLA IRREVOCABLE TRUST; and GARY COPPOLA, as TRUSTEE OF THE ANTHONY M. COPPOLA TRUST

Dated: October 14, 2016          HERR, PEDERSEN & BERGLUND LLP

/s/ Ron Statler (*per authorization*)
Leonard C. Herr
Ron Statler
Attorneys for Defendant CITY OF VISALIA

### [~~PROPOSED~~] ORDER

The Court, finding that the Parties have stipulated and agreed, and good cause appearing thereon, **HEREBY ORDERS**:

1. With respect to Plaintiffs' CERCLA claims, the following facts and elements are undisputed and thus require no proof at trial:

   a. The City's sewer mains and trunks, only (without admission of any other portion of the sewer system, including the side sewers, laterals and/or wyes), are a facility within the meaning of CERCLA.

b. The City is a covered person within the meaning of 42 U.S.C. § 9607 (a)(1) as the owner and operator of the sewer mains and trunks (facility).

c. Plaintiffs have incurred at least some necessary response costs to meet the minimal threshold required for establishing their CERCLA claims against the City.

2. The issue of whether "a 'release' or 'threatened release' of any 'hazardous substance' [occurred] from the facility" pursuant to 42 U.S.C. § 9607, remains a disputed issue for trial as to the City's liability.  Additionally, the issues of allocation and/or damages remain an issue for trial and the Parties' stipulation is not intended to waive any argument regarding these matters.

3. The City's thirty-sixth, thirty-seventh, thirty-eighth and fortieth affirmative defenses, as set forth in its Answer to the Eighth Amended Complaint in the above captioned case, are hereby dismissed *without leave to amend*, but the dismissal of said affirmative defenses is not intended to operate as an adjudication on the merits, and no admission shall be construed as a result of the dismissal.

4. All remaining affirmative defenses raised in the City's Answer remain operative.

IT IS SO ORDERED.

Dated: __October 14, 2016__      _____
                                  SENIOR DISTRICT JUDGE